

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN MONDY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4808** |
| **FIRST CIRCUIT COURT OF APPEAL** | **SECTION "C"(6)** |

## REPORT AND RECOMMENDATION

Petitioner, Brian Mondy, a state prisoner proceeding *pro se*, has filed this action as a "Writ of Habeas Corpus". (Rec. doc. 1, p. 1). However, in his pleading, Mondy sets forth no challenge to his present incarceration in Rayburn Correctional Center. Further, in a subsequent letter, Mondy informs: "I am not filing about my Criminal Convictions and sentences. I am filing about . . . Petition/Civil Public Records lawsuit matters." (Rec. doc. 4, p. 1). Mondy, however, provides no specifics regarding his "Petition/Civil Public Records lawsuit matters." He vaguely complains that he "was denied a Fair Hearing [in] No. 2007-CI-338". (Rec. doc. 1, p. 1). A review of the state court proceedings associated with case

___Fee _____
___Process _____
_x_ Dktd _____
___CtRmDep _____
___Doc. No. _____

no. 2007-CI-338 reveals that Mondy, by virtue of the instant matter, is seeking mandamus relief from this Court.

In February, 2006, Mondy filed with the Nineteenth Judicial District Court for the Parish of East Baton Rouge a "Petition for Judicial Review," complaining that he had been denied "ACCESS TO THE COURT and PUBLIC RECORDS" by the Clerk of Court for the Louisiana First Circuit Court of Appeal.[1] Specifically, as explained by Nineteenth Judicial District Court Commissioner John Smart in his "Screening Report," Mondy complained that he had sought an extension of time to seek reconsideration from an earlier writ denial by the Louisiana First Circuit Court of Appeal and the Clerk of Court responded with a letter informing that he had no pending writ application or appeal with the appellate court. On March 22, 2006, Commissioner Smart recommended that petitioner's action, *Brian Mondy v. First Circuit Court of Appeals,* No. 540,632 (19th JDC 2006), be dismissed.[2]

Mondy subsequently filed a writ application with the Louisiana First Circuit Court of Appeal seeking relief in connection with the Nineteenth Judicial District Court's adverse decision. The Louisiana First Circuit denied Mondy's writ application and his

---

[1] A copy of Mondy's "Petition for Judicial Review," which this Court obtained via facsimile from the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, is attached hereto.

[2] A copy of Commissioner Smart's Screening Report, which this Court obtained via facsimile from the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, is attached hereto. Pursuant to Commissioner Smart's recommendation, Monday's action was later dismissed by the state district court.

application for reconsideration. *Brian Mondy v. First Circuit Court of Appeal*, No. 2006-CW-1311 (La. App. 1 Cir. 2006).[3] Thereafter, Mondy sought relief from the Louisiana Supreme Court in connection with the Louisiana First Circuit Court of Appeal's adverse decisions. On January 11, 2008, the Louisiana Supreme Court denied Mondy's writ application in pertinent part, *Mondy v. First Circuit Court of Appeal*, No. 2007-CI-0338, 972 So.2d 1154 (La. 2008),[4] and, on August 22, 2008, denied Mondy's application for reconsideration. *Mondy v. First Circuit Court of Appeal*, No. 2007-CI-0338, 988 So.2d 247 (La. 2008).

Mondy, pursuant to the instant action, is seeking relief from this Court in connection with the Louisiana Supreme Court's adverse decision. Mondy believes that he was denied access to court and access to public records when the Clerk of Court for the Louisiana First Circuit Court of Appeal refused to accept his motion for reconsideration in a case which, according to the Clerk of Court, was no longer pending. Having failed to get an order at the state district, appellate and supreme court levels ordering the Clerk of Court to accept his motion and/or providing him with the court access and access to state public records which he desires, Mondy is attempting to obtain such relief from this Court.

---

[3]Copies of the above-referenced opinions, which this Court obtained via facsimile from the Clerk of Court for the Louisiana First Circuit Court of Appeal, are attached hereto.

[4]The state supreme court granted the writ to the extent Mondy sought an estimate from the Nineteenth Judicial District Court regarding the cost of obtaining a copy of a pleading, but denied the writ in all other respects.

3

The law is well-settled that "federal district courts lack jurisdiction to issue a writ of mandamus to direct state courts [or state clerks of court] in the performance of their duties." *Maldonado v. Raemisch*, 2008 WL 4682003, *2 (W.D. Wis. Feb. 20, 2008), *citing*, *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (per curiam); *Clark v. Washington*, 366 F.2d 678, 681-82 (9th Cir. 1966). Accordingly, this matter is subject to dismissal for lack of jurisdiction. *Id.*

## RECOMMENDATION

It is therefore **RECOMMENDED** that the "Writ of Habeas Corpus" filed by petitioner, Brian Mondy, be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[5]

New Orleans, Louisiana, this **21st** day of **May**, 2010.

                                        LOUIS MOORE, JR.
                                        United States Magistrate Judge

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.